**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Dean Poirier

    v.                                 Civil No. 14-cv-242-LM
                                        Opinion No. 2015 DNH 034
Carolyn W. Colvin, Acting
Commissioner, Social Security
Administration


**O R D E R**

Dean Poirier applied for, and was denied, both Social Security disability insurance benefits, see 42 U.S.C. § 423, and supplemental security income, see 42 U.S.C. § 1382.  He has appealed the Acting Commissioner's decision to deny his applications.  Before the court is Poirier's motion to remand his case to the Acting Commissioner, under sentence six of 42 U.S.C. § 405(g).  The Acting Commissioner objects.  For the reasons that follow, Poirier's motion for a sentence-six remand is denied.


**I. Background**

On May 16, 2013, Poirier appeared for a hearing on his claims before a Social Security Administrative Law Judge ("ALJ").  He brought with him his ex-wife and son, who he intended to have testify on his behalf.  He was not represented

by counsel.  In an affidavit, Poirier describes what happened

just before his hearing:

> We all waited in the Social Security waiting
> room.  When it was time for my hearing, a woman called
> and said it was my turn and motioned towards the door
> of the hearing room.
>
> I tried to go into the hearing room with my ex-
> wife and son.  The woman told me that they could not
> go in.
>
> After she told me that they could not go in, I
> explained to her that my ex-wife and son were present
> to testify about my disability.  She told me again
> that they could not go in.

Cl.'s Mot. to Remand, Poirier Aff. (doc. 10-1) ¶¶ 5-7.  He then

describes the following conversation between himself and the

ALJ, which occurred off the record:

> When I entered the hearing room, ALJ [Matthew]
> Levin asked me if I had representation. . . .
>
> I told him that, "My ex-wife and my oldest son
> were here to testify on my behalf, but the lady at the
> desk told me they could not come in."
>
> The ALJ then said "No."  By that, I understood
> that he meant that they could not come into the
> hearing room.

Id. ¶¶ 8-10.

The ALJ began the hearing by questioning Poirier.  After he

finished with that, the ALJ turned to the vocational expert, but

did not ask Poirier about the witnesses he had previously

mentioned to the ALJ off the record.  See Administrative

Transcript (hereinafter "Tr.") 47.  After the ALJ finished questioning the vocational expert, he asked Poirier: "Do you have any questions for the vocational expert or anything else you want to tell me?"  Tr. 52.  Poirier offered some further testimony, but did not ask to introduce testimony from his ex-wife or son.  See Tr. 52-53.

In his decision, the ALJ discussed Poirier's testimony about the symptoms of his impairments, but found that his "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely credible for the reasons explained in this decision."  Tr. 17.  Those reasons included lack of support from: (1) the objective medical findings; (2) Poirier's treatment records; and (3) his activities of daily living.  See Tr. 17-19.  The ALJ did not identify a lack of corroboration from lay witnesses as a reason for declining to find Poirier's statements to be less than fully credible.

Based upon the foregoing, Poirier asks the court to remand his case to the Acting Commissioner for the purpose of holding a new hearing at which testimony would be taken from his ex-wife and son.  Poirier also asks the court to direct the Acting Commissioner to assign his case to a different ALJ on remand, because certain comments by the ALJ (not reported above) and

some of his body language demonstrated bias against him on the
part of the ALJ.

## II. Relevant Law

The statute on which Poirier bases his request for remand
provides, in pertinent part, that "[t]he court . . . may at any
time order additional evidence to be taken before the
Commissioner of Social Security, but only upon a showing that
there is new evidence which is material and that there is good
cause for the failure to incorporate such evidence into the
record in a prior proceeding." 42 U.S.C. § 405(g).

## III. Discussion

### A. Remand

Poirier begins his motion for a remand in the following
way:

> Pursuant to Sentence 6 of 42 U.S.C. § 405(g)
> . . . Dean A. Poirier moves this Court to enter an
> order remanding the final decision of the Social
> Security Commissioner . . . because the Administrative
> Law Judge . . . committed legal error by failing to
> develop the record adequately when he did not allow
> the testimony of lay witnesses in support of Mr.
> Poirier.

Cl.'s Mot. for Remand (doc. no. 10) 1.  In the passage quoted
above, Poirier seeks a sentence-six "pre-judgment remand."  See
Seavey v. Barnhart, 276 F.3d 1, 13 (describing sentence six as
pertaining to remand ordered before the court rules on the

validity of the Commissioner's decision).  But his basis for
remand, a legal error by the ALJ, is stated in terms that
pertain to a sentence-four "post-judgment remand."  See id.
(describing sentence four as pertaining to remand ordered after
the court determines that the Commissioner has committed a legal
error) (citing Faucher v. Sec'y of Health & Human Servs., 17
F.3d 171, 175 (6th Cir. 1994) (describing in detail the
differences between sentence-four and sentence-six remands)).
Similarly, in Poirier's memorandum of law, he asks for a
sentence-six remand, but also argues that because the ALJ
committed a prejudicial error of law by failing to develop the
record, his decision should be reversed, and the case remanded.
See Cl.'s Mem. of Law (doc. no. 10-4) 3-7.

     In her objection to Poirier's motion for remand, the Acting
Commissioner addresses only the issue of a sentence-six remand.
The court follows suit, and declines to rule on the adequacy of
the ALJ's development of the record until that issue is properly
raised and argued in the context of a motion to reverse the
ALJ's decision.  That said, the parties engage on all three of
the requirements for a sentence-six remand stated in 42 U.S.C. §
405(g), i.e., newness, materiality, and good cause.  The court
considers each in turn.

1. Newness

With regard to what makes evidence new, the Supreme Court has explained that a sentence-six remand may be warranted "because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding." Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).  In other words, "[t]o be considered 'new,' the evidence must have been unavailable during the administrative proceedings." Moore v. Astrue, No. 11-cv-11936-DJC, 2013 WL 812486, at *16 (D. Mass. Mar. 2, 2013) (citing Miller ex rel. K.M. v. Astrue, Civil No. 2009-12018-RBC, 2011 WL 2462473, at *15 (D. Mass. June 16, 2011); Ortiz Rosado ex rel. Rosado Guitierrez v. Barnhart, 340 F. Supp. 2d 63, 67 n.1 (D. Mass. 2004)).[1]

The problem with Poirier's newness argument is that the evidence he seeks to add to the record by means of a sentence-

---

[1] In his memorandum of law, Poirier relies upon a newness standard that does not expressly state the requirement that to be new, evidence must have been unavailable to the claimant at the time of his hearing.  See Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 139 (1st Cir. 1987).  In Evangelista, upon which claimant relies for his newness argument, the doctor who wrote the report at issue "first appeared on the scene . . . subsequent not only to the Secretary's final decision, but some nine months after suit had been instituted in the district court." Id. at 139.  Thus, the opinion in that case does not support the proposition that sentence-six new evidence can include evidence that was in existence and was available to a clamant at the time of his hearing.

six remand was available during the administrative proceeding.
That is, in fact, precisely Poirier's point; he argues that he
was prevented from introducing the testimony of witnesses who
were waiting just outside the hearing room.  The facts of this
case might support a sentence-four post-judgment remand, a
matter on which the court offers no opinion, but because that
evidence was in existence and was available to him at the time
of his hearing, the evidence he seeks to place before the ALJ is
not new within the meaning of sentence six of 42 U.S.C. §
405(g).  Thus, Poirier is not entitled to a sentence-six remand.

### 2. Materiality

Even assuming that the testimony Poirier wanted to
introduce is new evidence under § 405(g), it is not material.
For the purposes of sentence six, evidence is material if it
"might have changed the outcome of the prior proceeding."
Melkonyan, 501 U.S. at 98 (citing Sullivan v. Finkelstein, 496
U.S. 617, 626 (1990)); see also Evangelista v. Sec'y of Health &
Human Servs., 826 F.2d 136, 140 (1st Cir. 1987) ("remand is
indicated only if, were the proposed new evidence to be
considered, the [Acting Commissioner]'s decision 'might
reasonably have been different'") (quoting Falu v. Sec'y of
Health & Human Servs., 703 F.2d 24, 27 (1st Cir. 1983)).

7

Here, there is no reasonable possibility that the ALJ's decision would have been any different if he had heard testimony from Poirier's ex-wife or son.  Their testimony would have been relevant as corroboration of Poirier's statements concerning pain and other symptoms of his impairments.  See Lopez v. Sec'y of Health & Human Servs., 728 F.2d 148, 150 (2d Cir. 1984) ("Certainly, the corroborative testimony . . . would have been valuable in assessing the credibility of appellant's testimony.").  And, indeed, if the ALJ's credibility assessment had been based upon a lack of corroborative testimony, then the testimony of Poirier's ex-wife and son might well have been material.  But, the ALJ discounted Poirier's statements for being inconsistent with the objective medical records, Poirier's treatment history, and his activities of daily living.  Thus, there is virtually no likelihood that the ALJ would have made a different credibility assessment, or a different decision, if he had heard corroborative testimony from Poirier's ex-wife and son.  Therefore, their testimony is not material.  See Melkonyan, 501 U.S. at 98.  That, in turn, is a second reason why Poirier is not entitled to a sentence-six remand.

### 3. Good Cause

"The 'good cause' element of sentence six only comes into play when a claimant presents evidence not in existence or

  
available to him at the time of the ALJ hearing that might have changed the outcome." Courtemanche v. Astrue, No. CA 10-427M, 2011 WL 3438858, at *13 (D.R.I. July 14, 2011) (citing Seavey, 276 F.3d at 3), report & recommendation adopted by 2011 WL 3421557.  Because Poirier has not established the first two requirements for a sentence-six remand, the court has no need to address the good-cause standard, which has been characterized as "stringent," Black v. Astrue, No. 1:10-cv-175-JAW, 2011 WL 1226027, at *7 (D. Me. Mar. 29, 2011) (citing Evangelista, 826 F.2d at 14), report & recommendation accepted by 2011 WL 1465443.

### 4. Summary

Poirier has failed to show that the evidence he seeks to place before the ALJ by means of a sentence-six remand is either new or material.  Accordingly, his motion for a remand is denied.  The court's ruling on Poirier's request for a sentence-six pre-judgment remand, however, does nothing to preclude Poirier from arguing, in a motion to reverse the Acting Commissioner's decision, that the ALJ committed a legal error by failing to properly develop the record.  Because a court issuing a sentence-six remand "does not affirm, modify, or reverse the [Acting Commissioner]'s decision [and] does not rule in any way as to the correctness of the administrative determination,"

Melkonyan, 501 U.S. at 98, it must necessarily be the case that a court that declines to issue a sentence-six remand also does not rule on the correctness of the administrative determination. Therefore, the correctness of the ALJ's decision remains resolved and, thus, is a question for another day.

### B. Different ALJ

Because the court has determined that a sentence-six remand is not warranted in this case, there is no need to address claimant's argument that his claim should be assigned to a different ALJ on remand.

### IV. Conclusion

For the reasons detailed above, Poirier's motion for a sentence-six remand, document no. 10, is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 25, 2015

cc:   Dennett B. Mortell, Esq.
      Robert J. Rabuck, Esq.

10